UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FLETCHER<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>c/o QUIN et. al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 15-cv-2156-GPC-NLS<br><br>**REPORT AND RECOMMENDATION FOR ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) DISMISSING THE CLAIMS WITH LEAVE TO AMEND; AND (3) EXTENDING THE TIME TO EFFECT SERVICE UNDER FED. R. CIV. P. 4(m)**<br><br>**(Dkt. No. 22)** |

　　　　Gregory Fletcher ("Plaintiff"), an inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant G. Galvan's ("Galvan") and F. Quinn's ("Quinn") Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). Plaintiff did not file an Opposition. For the reasons explained below, the Court **RECOMMENDS** that Defendants' motion be **GRANTED**, that Plaintiff's claims be **DISMISSED WITH LEAVE TO AMEND**, that Plaintiff be **GRANTED** an extension of time to effect service, and that service be directed through

1

the Deputy Attorney General.

## I. Factual Allegations and Procedural Background[1]

On September 24, 2015, Plaintiff filed a complaint that the Court dismissed for failure to pay filing fees. On December 8, 2015, Plaintiff filed the operative First Amended Complaint. (Dkt. No. 6.)

In his First Amended Complaint, Plaintiff alleges three counts against eight prison officials employed at the Richard J. Donovan Correctional Facility in San Diego, California. (Id. at 2.) First, Plaintiff alleges that on or about September 9, 2014, Officer Romero physically pushed him multiple times, and that both Officer Romero and Officer Grisson failed to summon medical care for his broken thumb, a result of that physical incident. (Id.) Plaintiff alleges that Officer Romero and Officer Grisson then told him that "no one mess[es] with" Officers Romero, Grisson, and Galvan. (Id.) Plaintiff further alleges that these officers, including Galvan, "are part of the Greenwall Officer Mafia Group," are dangerous, corrupt, and cover up murders and beatings. (Id.)

Second, Plaintiff alleges claims of sexual assault and battery against Officer Lopez, and that Lopez denied his right to medical care. (Id. at 4.) Plaintiff also alleges that on September 24, 2015, Sergeant Stricklin signed a false statement concerning Plaintiff's allegations against Lopez. (Id.)

Third, Plaintiff alleges various claims against Captain Sanchez, which he labels as cruel and unusual punishment and denial of his First Amendment rights of free speech and freedom of religion. (Id. at 5.) Plaintiff claims he submitted a petition for a writ of Habeas Corpus to the U.S. or State Supreme Court, in which he disclosed assertions of murder and conspiracy to commit murder against numerous officers. (Id.) Plaintiff alleges that Captain Sanchez, Lieutenant Williams, and Officer Quinn "wanted [Plaintiff] dead." (Id.)

Plaintiff requests an injunction or restraining order against all defendants, along

---

[1] These factual allegations are taken from Plaintiff's operative First Amended Complaint.

1  with monetary damages.

2  On May 9, 2016, defendants Galvan, Quinn, and Sanchez filed the presently
3  pending Motion to Dismiss. They move to dismiss Galvin and Quinn from this case on
4  the ground that Plaintiff fails to state a claim against them.[2] Plaintiff did not file an
5  opposition to the motion, and the Court took the matter under submission.

6  Based on a review of docket, the other defendants—Lopez, Romero, Stricklin,
7  Grisson, and Sorrano—have not yet been served, and the time permitted to do so under
8  Fed. R. Civ. P. 4(m) expired on or about May 3, 2016. Plaintiff filed a notice with the
9  Court regarding his attempts to serve the remaining defendants. (*See* Dkt. No. 24.)

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert, by motion, the defense that the opposing party failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th

---

[2] Defendants do not move to dismiss the claims against Sanchez.

Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts have an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)) (internal quotations omitted), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### III. Discussion

#### a. Plaintiff's Claim Against Officer G. Galvan

Defendant Galvan argues that Plaintiff fails to state a claim against him. (Dkt. No. 22-1 at 23.) Plaintiff's first count is an Eighth Amendment claim for failure-to-protect and deliberate indifference to medical needs. (Dkt. No. 6 at 3.) Galvan contends that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff fails to allege the personal involvement of Galvan in the underlying event. (Dkt. No. 22-1 at 3.)

The Eighth Amendment prohibits inflicting cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal quotations omitted). To violate the Eighth Amendment, "a prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotations omitted). "[T]o show an Eighth Amendment violation a prisoner must typically show that a defendant acted, not just negligently, but with 'deliberate indifference.'" *Minneci v. Pollard*, 132 S. Ct. 617, 625 (2012). Moreover, to establish liability under section 1983, the plaintiff must show personal participation by the prison official. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

#### i. Failure-to-Protect Claim

Plaintiff alleges that Officer Romero physically harmed him by pushing and

punching him, and that both Officer Romero and Officer Grisson failed to stop the continued attack.³ (Dkt No. 6 at 3.) Plaintiff also alleges that Romero and Grisson told him that nobody messes with them and Officer Galvan. (Id.) Plaintiff claims that all of these officers "are part of the Greenwall Officer Mafia Group," are dangerous and corrupt, and "have covered up murders and beatings." (Id.)

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). To establish an Eighth Amendment claim on failure to protect, the prisoner must show that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To establish deliberate indifference to a serious threat to the inmate's safety, the prisoner must demonstrate that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Accordingly, a showing of lack of knowledge of the risk may preclude a prison official from liability. *Id.* at 844.

Plaintiff fails to assert sufficient facts indicating that Galvan violated Plaintiff's Eighth Amendment rights by failing to protect him from physical abuse. Plaintiff alleges no facts showing that Galvan knew of and disregarded an excessive risk to Plaintiff's safety. (Dkt. No. 6 at 3.) Plaintiff does not allege that Galvan was present at the scene in which his injury took place, nor does he allege that Galvan had reason to know of the physical confrontation that occurred. (Dkt. No. 6 at 3.) The conclusory allegations that Galvan is dangerous, corrupt, covers up murders and beatings, and is part of the Greenwall Officer Mafia Group without further factual basis is insufficient to state a claim for relief. *See Ashcroft*, 556 U.S. at 678 (holding that a complaint that offers labels,

---

³ The Court notes Defendants interpreted Plaintiff's failure-to-protect claim as alleging that Romero and Grisson failed to protect Plaintiff from an attack by another inmate. (*See* Dkt. No. 22-1 at 2.) Either way, Plaintiff's allegations as currently pled do not implicate Galvan in the underlying event.

conclusions, and naked assertions "devoid of 'further factual enhancement'" will not overcome a motion to dismiss) (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's allegation that two other officers told him not to mess with Galvan similarly fails to state a claim for relief. Again, Plaintiff's assertion does not relate to the failure-to-protect claim, as it does not allege any personal acts or omissions by Galvan. *See Ashcroft*, 556 U.S. at 678 ("a complaint must contain sufficient factual matter, accepted as true . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Plaintiff's bare assertions and conclusions fail to state a failure-to-protect claim against Galvan for which relief can be granted under Federal Rule of Civil Procedure 8(a).

### ii.  Deliberate Indifference to Medical Needs Claim

Plaintiff alleges that as a result of the physical attack by Officer Romero, Plaintiff broke his thumb and told Officers Romero and Grisson that he needed medical attention. (Dkt. No. 6 at 3.) He claims that in response, Romero and Grisson told him that "they didn't care if [Plaintiff] died" and that he would not receive medical attention. (Id.) Plaintiff alleges that Romero and Grisson added: "no one mess[es] with [Romero], Grisson, Galvan, Sorrano [and inmate] King," and that all of these officers "are part of the Greenwall Officer Mafia Group." (Id.) Plaintiff also claims that Galvan is dangerous and corrupt, and has "covered up murders and beatings." (Id.)

"Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986). To establish deliberate indifference to medical needs, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104). Factors for

consideration are whether a reasonable doctor would believe the condition warrants addressing, whether the condition significantly impacts the prisoner's daily activities, and whether the condition is chronic and substantially painful. *See Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc); *Doty v. City of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing *McGuckin*, 974 F.2d at 1059-60).

While Plaintiff sufficiently alleges a serious medical injury (*see Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that a fractured thumb constitutes a serious medical condition)), he fails to adequately allege a claim that Galvan acted deliberately indifferent to his medical needs. Plaintiff alleges no facts suggesting that Galvan knew of his medical condition or purposely failed to respond to his medical needs. (Dkt No. 6 at 3.) The claim that other officers told Plaintiff he would not receive medical attention does not sufficiently state a claim against Galvan for deliberate indifference to medical needs. *See Ashcroft*, 556 U.S. at 678 (holding that the plaintiff must allege facts indicating "more than a sheer possibility that a defendant has acted unlawfully" to state a claim for which relief can be granted); *Taylor v. List*, 880 F.2d 1040, 1055 (9th Cir. 1989) (requiring personal participation by a prison official to establish liability under section 1983). Plaintiff does not allege sufficient actions or omissions by Galvan to state an Eighth Amendment claim against him.

### b.  Plaintiff's Claim Against Officer F. Quinn

Defendant Quinn argues that Plaintiff's third count fails to assert a claim against him for which relief can be granted. (Dkt. No. 22-1 at 4.) Plaintiff describes his third count as containing claims for cruel and unusual punishment, and violation of his freedom of religion, freedom of speech, and freedom of association. (Dkt. No. 6 at 5.) In support of this count, Plaintiff alleges Captain Sanchez "lock[ed] [him] up for no reason, prevented him from speaking to anybody, and expressed indifference to his religion. (Id.) Plaintiff claims that he petitioned for a writ of Habeas Corpus, disclosing "murder, conspiracy to commit murder," and Sanchez's engagement in sexual relations in exchange for leverage in the department. (Id.) Plaintiff next alleges that Sanchez,

Williams, and Quinn "wanted [him] dead." (Id.)

A prison official deprives a prisoner of a constitutional right "within the meaning of section 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "A plaintiff must demonstrate that the official was the 'moving force,'" and "the actual and proximate cause of the deprivation of the plaintiff's constitutional rights." *Valencia v. Ruiz*, 2016 U.S. Dist. LEXIS 69427, at *24 (E.D. Cal. May 26, 2016) (citing *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)).

Although Plaintiff does not label it as such, his allegations appear to suggest a retaliation claim against Sanchez. It is unclear whether Plaintiff also alleges such a claim against the other defendants. A retaliation claim in a prison context consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). "[P]urely retaliatory actions taken against a prisoner for having exercised [First Amendment] rights . . . violate the Constitution." *Rhodes*, 408 F.3d at 567.

Here, Plaintiff only provides factual allegations against Sanchez in support of his third count. He does not allege sufficient factual detail to state a claim against Quinn for which relief can be granted. Indeed, Plaintiff does not allege any act or omission by Quinn; he only states that Quinn "wanted [him] dead" without further factual detail. (Dkt. No. 6 at 5.) This bare assertion and conclusory statement without any factual support will not withstand a motion to dismiss under Rule 12(b)(6). *See Ashcroft*, 556 U.S. at 678. Plaintiff fails to tie any action or omission by Quinn to the deprivation of Plaintiff's rights. (Dkt. No. 6 at 5.) While Plaintiff's alleged petition for a writ of Habeas Corpus is

constitutionally protected conduct (*see Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)), Plaintiff fails to allege facts indicating any adverse action taken by Quinn (Dkt. No. 6 at 5.) If Plaintiff is attempting to make a retaliation claim, he fails to sufficiently link Quinn to his retaliation claim. (Id.) Plaintiff thus does not sufficiently state a claim against Quinn under Fed. R. Civ. P. 8(a).

### c. Leave to Amend

A pro se litigant must be given leave to amend his complaint unless it is "absolutely clear" the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

This Court recommends Plaintiff be granted an opportunity to amend his complaint to address the deficiencies as noted in this report. If Plaintiff chooses to amend his complaint, Plaintiff should be notified that he must specifically state what each named defendant did that deprived him of his constitutional or other federal rights. To state a cognizable claim, Plaintiff must plead facts as to each named defendant sufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

### d. Extension of Time to Effect Service

The Court previously directed the U.S. Marshal to effect service on Plaintiff's behalf. (Dkt. No. 11 at 5, citing 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).) On or about April 5, 2016, the U.S. Marshal returned the unexecuted summons and complaint as to defendants Lopez, Romero, Stricklin, Grisson, and Sorrano because the litigation coordinator was unable to identify these individuals without their first initials. (Dkt. Nos. 13-18.)

On May 12, 2016, Plaintiff constructively filed a letter describing and identifying each unserved defendant according to the limited information available to him. (*See* id. at 2.) Plaintiff claims these individuals would not give him their first initials, but that

Sorrano (or perhaps spelled Sorranno or Sorreano) and Grisson were assigned to B-Facility, Building 8 in 2014 and 2015. (Id.) He further identifies that Romero was assigned to C-Facility, and Stricklin (or perhaps spelled Strickland or Striclin) was a Sergeant at B-Facility. (Id.) Plaintiff also emphasizes that he identified Lopez's first initial as "M" various times in his complaint. (Id.)

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(c)(3). Rule 4 of the Federal Rules of Civil Procedures further provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The court enjoys broad discretion under Rule 4(m) to extend time for service, even without a showing of good cause. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service retroactively after the service period has expired).

Given that this Court recommends Plaintiff be provided leave to amend his complaint, this Court also recommends granting Plaintiff an extension of time to serve the un-served parties with the summons and complaint should Plaintiff include those parties in his amended complaint. It appears the only reason the U.S. Marshal was unable to effect service on these defendants is because Plaintiff could not identify their first initials. (Dkt. No. 24, at 3.)

The Deputy Attorney General assigned to this case should contact the Litigation Coordinator at RJD. The Deputy Attorney General should provide the Litigation Coordinator with the description and identifying information contained in Plaintiff's letter to U.S. Marshal Deputy or Clerk, P. Smith (*see* Dkt. No. 24), for the purpose of ascertaining the first initials of the unserved defendants. The Deputy Attorney General

should then provide the U.S Marshal, in a confidential memorandum if necessary, the first initials of defendants Lopez, Romero, Stricklin, Grisson, and Sorrano, presuming the Litigation Coordinator is able to identify them using the information from Plaintiff's letter. (*See* id.) The memorandum should instruct that the information is to be used for purposes of service only.

## IV. Conclusion

For the forgoing reasons, the Court **RECOMMENDS** that:

1. Defendants' motion to dismiss for failure to state a claim be **GRANTED**;
2. The claims against Galvan and Quinn be dismissed **WITH LEAVE TO AMEND**;
3. Plaintiff be **GRANTED** an extension of time under Fed. R. Civ. P. 4(m) as to the un-served parties; and
4. For service of the summons and any amended complaint to be re-directed through the Deputy Attorney General assigned to this case as to the unserved defendants.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **July 21, 2016**, any party to this action may file written objections and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed and served on all parties no later than **August 4, 2016**.

**IT IS SO ORDERED.**

Dated:  July 7, 2016

Hon. Nita L. Stormes
United States Magistrate Judge