UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FLETCHER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>c/o QUIN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:15-cv-2156-GPC-NLS<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND WITHIN SIXTY DAYS**<br><br>**[ECF No. 35]** |

Before the court is a motion to dismiss filed by Defendants S. Sanchez, M. Lopez, F. Grisez, L. Romero, and W. Soriano.[1] (ECF No. 35.) The motion seeks the dismissal of Plaintiff's claims against Defendant Soriano. (ECF No. 35-1 at 1.) Plaintiff has not filed an opposition. Because the operative complaint fails to allege any involvement by Defendant Soriano in any alleged violation of Plaintiff's constitutional rights, the Court GRANTS the motion.

**1. Background**

Plaintiff, a prisoner, filed this action *pro se* on September 24, 2015. (ECF No. 1.) After the Court dismissed Plaintiff's complaint in light of Plaintiff's failure to pay the

---

[1] Defendants' motion indicates that the complaint misspells Defendant Grisez's name as "Grisson" and Defendant Soriano's name as "Sarrano." (ECF No. 35-1 at 1.)

filing fee, Plaintiff filed the operative Amended Complaint on December 8, 2015. (ECF No. 6.) The Amended Complaint asserts causes of action relating to the denial of medical care, cruel and unusual punishment, and violations of his freedoms of association, speech, and religion. (*Id.* at 3–5.)

The Amended Complaint's only mention of Defendant Soriano is found in Count One, which asserts a denial of medical care and cruel and unusual punishment. (*Id.* at 3.) Plaintiff alleges in Count One that after he met with a "woman from the Attorney General Office," an inmate named King told Defendant Romero to "get" Plaintiff. (*Id.*) Defendant Romero pushed Plaintiff, and later assaulted Plaintiff in Plaintiff's cell. (*Id.*) When Plaintiff attempted to escape his cell, Defendant Grisez said "no," and Defendant Romero continued to push Plaintiff from behind. (*Id.*) Plaintiff was then punched in the chest and pushed so hard that at some point he broke his left thumb. (*Id.*) Plaintiff told Defendants Grisez and Romero that he needed medical attention. (*Id.*) In response, Defendants Grisez and Romero told Plaintiff that they did not care if Plaintiff died; that they would not help Plaintiff; that Plaintiff "didn't know who [he] was fucken [sic] with"; and that no one "messes" with Defendants Grisez, Romero, or Soriano, or inmate King. (*Id.*) Plaintiff alleges that these individuals are "part of the Greenwall Officer Mafia Group," and that they are dangerous, corrupt, and have covered up murders and beatings. (*Id.*)

**2. Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and

reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Because Plaintiff is proceeding *pro se*, "his complaint must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). While the court must "construe [Plaintiff's] pleadings liberally," *id.*, "vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss," *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### 3. Discussion

Defendants contend that Plaintiff fails to state a claim against Defendant Soriano because the Amended Complaint does not allege any facts suggesting Defendant Soriano was personally involved in the violation of Plaintiff's constitutional rights. The Court previously dismissed Plaintiff's claims against Defendant Quinn for the same reason. (ECF No. 26 at 6–8.) In fact, Defendant Soriano's position here is exactly the same as Defendant Quinn's position when he moved to dismiss Plaintiff's claims against him: as with Defendant Soriano, the only allegations relevant to Defendant Quinn in the Amended Complaint were that (1) Defendant Romero told Plaintiff he should not mess with Defendant Quinn, and (2) Defendant Quinn is part of the Greenwall Officer Mafia Group. (*Id.* at 7.) For the same reasons set forth in the Court's order dismissing the claims against Defendant Quinn, the Court now concludes that Defendant Soriano is entitled to dismissal.

Because the Amended Complaint's only mention of Defendant Soriano appears in Count One, the Court construes the Amended Complaint to assert claims that Defendant Soriano violated Plaintiff's Eighth Amendment rights. (*See id.* at 9 n.6 ("There is no reasonable basis for arguing that Plaintiff has stated a First Amendment claim against Defendant Galvan, as Galvan's name is not mentioned at all in Plaintiff's First Amendment allegations.").) The relevant allegations can be construed to assert two theories: (1) excessive force and (2) deliberate indifference. As to the first theory, an

officer's application of force against a prisoner can violate the Eighth Amendment if the force was applied "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). As to the second theory, "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To successfully assert a deliberate indifference claim, a prisoner must show (1) that the deprivation suffered is objectively, sufficiently serious and (2) that the official has a sufficiently culpable state of mind to implicate the Eighth Amendment's protection against the "unnecessary and wanton infliction of pain." *Id.* at 834. "Deliberate indifference occurs when the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Solis v. Cty. of Los Angeles*, 514 F.3d 946, 957 (9th Cir. 2008) (internal quotation marks omitted).

To assert such claims against a particular official, however, the prisoner must show that the official somehow participated in the deprivation of Plaintiff's constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). Plaintiff can satisfy this showing by either demonstrating the defendant's "[p]ersonal participation in the deprivation," or that the defendant set "in motion a series of act by other which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." *Gilbrook v. City of Westminster*, 177 F.3d 839, 854 (9th Cir. 1999).

Under these standards, the Amended Complaint does not state a plausible claim against Defendant Soriano. Other than another officer's statement that Defendant Soriano should not be "messed" with, and the allegation that Defendant Soriano is a member of some sort of "mafia group," there is nothing to suggest that Defendant Soriano (1) engaged in conduct that was malicious or sadistic; (2) intended to impose an unnecessary and wanton infliction of pain; or (3) either engaged in conduct that violated Plaintiff's Eighth Amendment rights or set in motion a series of acts that led to the

4

3:15-cv-2156-GPC-NLS

violation of Plaintiff's Eighth Amendment rights.  And Defendant Soriano's group affiliation, alone, cannot establish an Eighth Amendment violation.  *See, e.g.*, *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("The prisoner must set forth specific facts as to each individual defendant's deliberate indifference.").  Accordingly, Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant Soriano.

**4. Leave to Amend**

As with Plaintiff's claim against Defendant Grisez (*see* ECF No. 26 at 10–11), the Court finds that Plaintiff may be able to remedy these defects in the Amended Complaint if he offers additional allegations connecting Defendant Soriano's conduct to the alleged constitutional violations.  Accordingly, the Court grants Plaintiff leave to amend his allegations against Defendant Soriano.

**5. Conclusion**

For the reasons discussed above, the Court **GRANTS** Defendants' motion to dismiss the claims against Defendant Soriano.  **If Plaintiff wishes to file a second amended complaint to allege additional facts relating to Defendant Soriano's involvement in the violation of Plaintiff's constitutional rights, Plaintiff may do so within sixty (60) days from the date of this order**.

**IT IS SO ORDERED.**

Dated:  October 10, 2017

Hon. Gonzalo P. Curiel
United States District Judge

5

3:15-cv-2156-GPC-NLS