UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>C/O QUIN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:15-cv-2156-GPC-NLS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 41]** |

Before the Court is the plaintiff Gregory Fletcher's ("Plaintiff") motion for appointment of counsel. ECF No. 41. Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action alleging denial of medical care, cruel and unusual punishment, and violations of his freedoms of association, speech, and religion. *See* ECF No. 6.

I. **PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**

Plaintiff asks this Court to appoint counsel from the Court's pro bono panel. ECF No. 41. Plaintiff states that his case is complex and he is limited in his ability to litigate due to his incarceration, limited access to the law library, and limited knowledge of the law. *Id.* at 2. Plaintiff notes that an attorney would better enable him to present evidence and cross-examine witnesses. *Id.* Plaintiff also represents that he suffers from many forms of mental health issues, is mobility impaired, and has severe glaucoma in both

eyes. *Id.* Plaintiff states that he did not graduate high school or receive a GED and is limited in his reading abilities. *Id.*

## II. LEGAL STANDARD

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff fails to satisfy either factor of the *Wilborn* test.

## III. DISCUSSION

### A. Likelihood of Success on the Merits

Plaintiff's motion for appointment of counsel does not address likelihood of success and offers no evidence beyond Plaintiff's assertion that the issues presented are "complex." Bald assertions that claims are meritorious without any supporting evidence fail to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). At this stage of the case, the Court has only the pleadings before it and, thus, is unable to make a determination of the strength of Plaintiff's case. At this early stage of the case, when the parties have not yet completed discovery and have not presented evidence to the Court in

support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits of his claims. *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). Without any additional evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

### B. Plaintiff's Ability to Articulate His Claims

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court has reviewed Plaintiff's Amended Complaint and other pleadings and finds that the issues he raises are not complex. The Court understands the factual basis for Plaintiff's claims and the relief sought. Plaintiff has demonstrated that he has a good grasp of litigation procedure, as evidenced by his pleadings, motions, and other submissions.

Plaintiff contends that he is an Enhanced Outpatient Program (EOP)/ADA plaintiff who suffers from several mental health issues. Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an "incapacitating mental disability" and the plaintiff "must present substantial evidence of incompetence." *Meeks v. Nunez*, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). The court must be able to find a nexus between the mental disorder and the plaintiff's ability to articulate his claims. *See McElroy v. Cox*, Civil No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009). Here, Plaintiff has not submitted any medical evidence to substantiate the scope of mental impairment nor has he submitted any information to demonstrate how his mental impairment would impair his prosecution on this case. *See Meeks*, 2017 WL 476425, at *3 (denying appointment of counsel when plaintiff submitted "Inmate Request for Assistance from the Court" asserting a mental impairment of "Schizoaffective Disorder" signed by a

forensic psychologist but failed to submit actual medical records); *West v. Dizon*, No. 2:12-CV-1293-DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel when mental disability was only alleged and plaintiff submitted no evidence as to the "nature or effects" of the disability). Without more specific information regarding his mental impairment, the Court does not find exceptional circumstances due to Plaintiff's mental status. *Jones v. Kuppinger*, 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.").

Plaintiff also notes that he suffers from glaucoma in both eyes and is awaiting surgery. While sympathetic to Plaintiff's condition, the Court notes that Plaintiff has also not provided any information regarding either the degree of this impairment or its effect on his ability to litigate. Without more, the Court also cannot find that this physical condition requires appointment of counsel. *McKenzie v. Casillas*, No. 12CV1602-BEN (RBB), 2013 WL 1628967, at *5 (S.D. Cal. Apr. 16, 2013) (denying appointment of counsel where plaintiff suffered from glaucoma and lost sight in one eye because he failed to demonstrate how his physical condition impaired his ability to proceed *pro se*).

Plaintiff next argues that counsel would better enable him to present evidence and examine witnesses. As another court in this district noted, there is "no doubt [that] most pro se litigants . . . would be better served with the assistance of counsel." *Garcia v. Cal. Dep't of Corrections & Rehab.*, No. 12-cv-1084-IEG (KSC), 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013). Whether a litigant would have fared better with counsel is not the test for appointment of counsel. *Thornton v. Schwarzenegger*, No. 10CV01583-BTM (RBB), 2010 WL 3910446, at *5 (S.D. Cal. Oct. 4, 2010). Moreover, federal courts employ other procedures that help to protect a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). For example, in *pro se* civil rights cases, a court must

construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Plaintiff also claims that he has limited access to the law library and legal materials and unfamiliarity with the law. This is again common to most incarcerated plaintiffs and does not establish exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.").

In sum, the Court finds that Plaintiff is sufficiently able to articulate his claims *pro se*, given the complexity of the issues involved. The second *Wilborn* factor is not satisfied.

## IV. CONCLUSION

For the foregoing reasons, the Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 13, 2018

Hon. Nita L. Stormes
United States Magistrate Judge