UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER, CDCR #C-41111,<br><br>        Plaintiff,<br><br>vs.<br><br>C/O QUIN, et al.,<br><br>        Defendants. | Case No.: 3:15-cv-02156-GPC-NLS<br><br>**ORDER GRANTING MOTION AND APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596**<br><br>**[ECF No. 47]** |

GREGORY L. FLETCHER ("Plaintiff"), a prisoner proceeding *in pro se* and currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) on February 2, 2016, in this civil rights action which he has since been prosecuting on his own behalf pursuant to 42 U.S.C. § 1983. *See* Amend. Compl., ("FAC"), ECF No. 6.

**I. Procedural History**

On July 25, 2017, and January 11, 2018, respectively, Defendants Sanchez, Lopez, Grisson, and Romero filed Answers to Plaintiff's FAC. (*See* ECF Nos. 30, 38). On February 23, 2018, before discovery was complete, the Honorable U.S. Magistrate Judge Nita L. Stormes denied Plaintiff's first Motion for Appointment of Counsel, finding Plaintiff had demonstrated an ability to articulate his legal claims in light of their

complexity despite his mental health and medical infirmities, and that he had not yet shown he was likely to succeed on the merits. *See* ECF No. 42 (citing 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). After the completion of discovery, however, no party moved for summary judgment.

On October 15, 2018, Plaintiff filed a renewed Motion to Appoint Counsel (ECF No. 47), after a mandatory settlement conference held before Judge Stormes on September 4, 2018, revealed the case had not settled. *See* ECF No. 44.

## II. Plaintiff's Renewed Motion to Appoint Counsel

As Plaintiff knows, while there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff's previous motion for appointment of counsel was denied based on findings that he, at least at those stages of the proceedings, had failed to show the "exceptional circumstances" necessary to satisfy 28 U.S.C. § 1915(e)(1). *See* ECF No. 42 at 2-5; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In light of Plaintiff's Renewed Motion and supplemental arguments, *see* ECF No. 47, 50, and with an eye toward the now impending trial, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has requested volunteer pro bono counsel for purposes of representing Plaintiff for purposes of that trial, and any further proceedings before the Court, under the provisions of its "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," and General Order 596.

The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary

judgment has been denied." *See* S.D. CAL. GEN. ORDER 596. In this case, Plaintiff is indigent, incarcerated, has been transferred between prisons, and claims to suffer from mental impairments and glaucoma in both eyes, *see* ECF No. 41 at 2; yet his claims require resolution by trial, just as they would if summary judgment had been denied.

Therefore, the Court concludes the ends of justice would be served by the appointment of pro bono counsel under the circumstances, and has randomly selected a willing volunteer on the Court's Pro Bono Panel who has graciously agreed to represent Plaintiff pro bono during the course of all further proceedings held before this Court. *See* S.D. CAL. GEN. ORDER 596.

### III. Conclusion and Order

Accordingly, the Court **GRANTS** Plaintiff's renewed Motion to Appoint Counsel (ECF No. 47) and **APPOINTS** Grace Jun, Esq. SBN 287973, 105 West F St., Fl. 4, San Diego, California, 92101, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. CAL. CIVLR 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, *if possible, and in light of Plaintiff's incarceration*, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. Such substitution will be considered approved by the Court upon its filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. CAL. CIVLR 83.3.f.1, 2.

The Court further **DIRECTS** the Clerk of the Court to serve Ms. Jun with a copy of this Order at the address listed above upon filing. *See* S.D. CAL. CIVLR 83.3.f.2.

**IT IS SO ORDERED**.

Dated: November 8, 2018

Hon. Gonzalo P. Curiel
United States District Judge